# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

KAREN WATERMAN,

    Plaintiff,

vs.

NASHUA-PLAINFIELD COMMUNITY SCHOOL DISTRICT,

    Defendant.

No. 06-CV-2029-LRR

ORDER

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.  RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.  STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.   FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT* . . . . . . . . . *3*

*VI.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.   Breach of Contract Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.   Promissory Estoppel Claim* . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    *C.   Equal Protection and Due Process Claims* . . . . . . . . . . . . . . . *10*
    *D.   Failure to Pay Wages Claim* . . . . . . . . . . . . . . . . . . . . . . . . *13*

*VII. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## I. INTRODUCTION

The matter before the court is Defendant Nashua-Plainfield Community School District's Motion to Dismiss ("Motion") (docket no. 5).

## II. RELEVANT PRIOR PROCEEDINGS

On May 1, 2006, Plaintiff Karen Waterman filed a five-count[1] Complaint against Defendant Nashua-Plainfield Community School District ("Nashua"). In the Complaint, Waterman claims (1) breach of contract; (2) promissory estoppel; (3) denial of equal protection; (4) failure to pay wages and (5) denial of due process. Waterman brought the equal protection and due process claims pursuant to 42 U.S.C. § 1983.

On June 16, 2006, Nashua filed the instant Motion. On June 28, 2006, Waterman filed a Resistance. On June 30, 2006, Nashua filed a Reply.

Neither party has requested oral argument on the Motion. The court concludes oral argument is not necessary and thus turns to consider the Motion.

## III. JURISDICTION

The court finds that, at the present time, it has subject matter jurisdiction over Waterman's Complaint. The court has jurisdiction over Waterman's federal equal protection and due process claims pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over her remaining state law claims. *See id.* § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy."). *But see id.* § 1367(c) (granting district courts discretion to decline to

---

[1] The Complaint numbers the counts "III." through "VII."

exercise supplemental jurisdiction over state law claims under certain circumstances).

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the district court to dismiss a claim if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing Nashua's Motion, the court is required to view the allegations in the Complaint in the light most favorable to Waterman, the nonmoving party. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005). The court must accept all the factual allegations in Waterman's Complaint as true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002); *Mo. River Sys. Litig.*, 418 F.3d at 917. The court may "dismiss the case only when it appears beyond [a] doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [the plaintiff] to relief." *Mo. River Sys. Litig.*, 418 F.3d at 917 (internal quotations omitted). "The issue is not whether the plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Thus, "as a practical matter, [dismissal under Rule 12(b)(6) is likely to be granted] only in the unusual case in which a plaintiff includes allegations that show, on the face of the [C]omplaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quoting *Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).

## V. FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Accepting the allegations in Waterman's Complaint as true and affording her all reasonable inferences, for purposes of the instant Motion the facts are these:

From 1963 to 2002, Nashua employed Waterman as a teacher under a written contract, pursuant to Iowa Code § 279.13. During the 2001-2002 school year, Nashua paid Waterman a salary of $39,132.

On January 28, 2002, Nashua's Board of Directors ("Board") passed a new policy called the "One Year Early Retirement Program" ("Early Retirement Program"). Under the Early Retirement Program, eligible employees could elect to retire early and receive a lump-sum payment of eighty percent of their salary for the 2001-2002 school year or "leave . . . [such] moneys on account with [Nashua] and apply it toward future health insurance costs up to the age of sixty-five . . . ." If the lump-sum option was chosen, Nashua agreed to make the payment to the employee on either July 20, 2002 or February 20, 2003. An eligible employee had to meet two requirements: the employee had to (1) be between the ages of 55 and 60 on June 1, 2002 and (2) have worked for Nashua for fifteen years by that date. Eligible employees desiring to participate in the Early Retirement Program were required to submit an application to Nashua's Superintendent on or before February 15, 2002.

On an unspecified date between January 28, 2002 and February 15, 2002, Waterman timely applied for the Early Retirement Program and elected to receive a lump-sump payment of eighty percent of her salary for the 2001-02 school year. Eighty percent of Waterman's salary is $31,305.60.

On February 28, 2002, Nashua's Superintendent informed Waterman that she did not qualify for the Early Retirement Program, because she turned sixty-years-old before June 1, 2002. Waterman qualified for the Early Retirement Program in all respects except for her age.

On the same date, Waterman submitted a letter of retirement and resignation to the Board. The retirement and resignation was effective at the conclusion of the 2001-2002 school year. On the same date, the Board accepted Waterman's retirement and resignation.

## VI. LEGAL ANALYSIS

### A. Breach of Contract Claim

The first count in the Complaint alleges breach of contract. Waterman alleges that the Early Retirement Program is part of a unilateral written contract between Waterman and Nashua. Waterman contends any limitation on the maximum age of eligible employees for the Early Retirement Program is an illegal term that the court cannot enforce. Specifically, Waterman contends the age limitation violates the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. *See, e.g., Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 655 (8th Cir. 2005) (holding that a retirement plan was illegal because "the amount of available early retirement benefits drop[ped] to zero upon an employee's attainment of [a specified] age"). Therefore, Waterman concludes that Nashua's failure to allow Waterman to participate in the Early Retirement Program constituted a breach of contract. Waterman claims she is entitled to damages equal to eighty percent of her base salary for the 2001-2002 school year.

Nashua does not dispute that the ADEA renders the age limitation in the Early Retirement Plan illegal. Rather, Nashua claims that Waterman's breach of contract claim must be dismissed because she did not exhaust the administrative remedies required by the ADEA or the Iowa Civil Rights Act ("ICRA"), Iowa Code § 216.1 *et seq.*, or initiate certiorari proceedings in state district court pursuant to Iowa Rule of Civil Procedure 1.1402.

#### 1. Stating a claim

Under Iowa law, Waterman must prove the following five elements to succeed on her breach of contract claim:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that [plaintiff] has performed all the terms and

5

conditions required under the contract; (4) [that] defendant[] breach[ed] . . . the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998) (citing *Iowa-Illinois Gas & Elec. Co. v. Black & Veatch*, 497 N.W.2d 821, 825 (Iowa 1993)). A "unilateral contract" exists where "an offeror mak[es] a promise and an offeree render[s] some performance." *Anderson v. Douglas & Lomason Co.*, 540 N.W.2d 277, 283 (Iowa 1995) (citations omitted). Contract terms that are contrary to the public policy as expressed in a statute are unenforceable. *See, e.g., Bruton v. Ames Cmty. Sch. Dist.*, 291 N.W.2d 351, 356-57 (Iowa 1980) (holding that a clause in a teacher contract had no effect because it conflicted with Iowa statute); Restatement (Second) of Contracts § 178(1) (1977) ("A promise or other term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable . . . .").

The Complaint alleges that the Early Retirement Program is part of a unilateral contract between Waterman and Nashua. Furthermore, Waterman alleges she performed all of the legal terms and conditions of the contract, Nashua failed to pay her a lump-sum payment in July of 2002 or February of 2003 and, as a consequence, she suffered damages. Plaintiff has correctly recited the five elements for a breach of contract claim in her Complaint. *Molo Oil*, 578 N.W.2d at 224. Accordingly, the court holds that Waterman has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### *2. Exhaustion of administrative remedies*

Nashua's argument that Waterman was required to exhaust administrative remedies under the ADEA or the ICRA before filing her breach of contract claim is misplaced. It is true that the ADEA requires plaintiffs to first exhaust their administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC") before

filing a statutory claim under the ADEA. *See* 29 U.S.C. § 626(d)(2) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]."); *see, e.g., Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). Similarly, the ICRA requires potential plaintiffs to first exhaust their administrative remedies with the Iowa Civil Rights Commission ("ICRC") before filing a statutory claim under the ICRA. *See* Iowa Code § 216.16(1) ("A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek . . . administrative relief by filing a complaint with the commission . . . ."); *see also Kohrt v. Mid Am. Energy Co.*, 364 F.3d 894, 900 (8th Cir. 2004) (recognizing mandatory nature of Iowa Code § 216.16(1)). In the present case, however, Waterman alleges a breach of contract claim, not a statutory claim under the ADEA or the ICRA.[2] Therefore, the exhaustion of administrative remedies requirements of those statutes do not apply here.[3]

### 3. *Certiorari proceedings*

Similarly, the court holds Waterman was not required to initiate certiorari proceedings in state district court pursuant to Iowa Rule of Civil Procedure 1.1402 within thirty days of the alleged illegal action before bringing her breach of contract claim in federal court. The only authority Nashua cites for her argument is *Construction*

---

[2] The parties do not discuss whether the exceptions for bona fide retirement plans set forth in Iowa Code § 216.13 or 29 U.S.C. § 623(f)(2) would apply to any statutory law claim. *See, e.g., Loras Coll. v. Iowa Civil Rights Comm'n*, 285 N.W.2d 143, 147 (Iowa 1979) (discussing differences between Iowa Code § 216.13 and 29 U.S.C. § 623(f)(2)).

[3] It is important to note that Nashua does not argue and has not cited any authority to the court to the effect that the ADEA or the ICRA *preempts* Waterman from bringing her breach of contract claim.

7

*Associates, Inc. v. City of Des Moines*, 375 N.W.2d 273, 275 (Iowa Ct. App. 1985).[4] *Construction Associates* is clearly distinguishable.

In *Construction Associates*, a plaintiff failed to comply with the notice requirement of the Iowa Municipal Tort Claims Act. *Id.* at 274 (citing Iowa Code § 613A.5 (1983)). The plaintiff claimed that he should not be held to the notice requirement because his petition was "in the nature of a contract action." *Id.* The Iowa Court of Appeals rejected the plaintiff's argument because "[t]here [was] no contract in existence upon which to sue." *Id.* In *dicta*, the Iowa Court of Appeals also remarked that "plaintiff's petition does no more than raise an alternative claim that would support a certiorari action" but, in any event, any such claim would fail because plaintiff also failed to file a petition within thirty days of the alleged illegal acts of the city." *Id.* (citing Iowa R. Civ. P. 319 (1985)).

Unlike *Construction Associates*, in the present case there is allegedly a contract upon which Waterman is suing. In any event, nothing in *Construction Associates* intimates that the availability of a certiorari action in state court precludes a subsequent breach of contract claim in federal court.[5]

### 4. Conclusion

For all of the foregoing reasons, the court holds that Waterman's breach of contract claim states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### B. Promissory Estoppel Claim

The Complaint alleges a cause of action for promissory estoppel. Specifically, the Complaint states that (1) Nashua, through its Superintendent, made a clear and unequivocal

---

[4] The court notes that there are no reported cases citing *Construction Associates*.

[5] Again, Nashua does not argue or cite any authority to the effect that Iowa Rule of Civil Procedure 1.1402 *preempts* Waterman from bringing her breach of contract claim.

8

representation to Waterman that she was not entitled to participate in the Early Retirement Program; (2) Waterman, in reliance upon the Superintendent's representation, did not proceed further with any application to participate in the Early Retirement Program or pursue any legal remedy until now; (3) the representation was illegal and unconstitutional and (4) in reliance on the representation, Waterman was damaged in the amount of eighty percent of her base salary for the 2001-2002 school year.

Nashua contends the Complaint fails to state a promissory estoppel claim upon which relief can be granted. Nashua argues that a promissory estoppel claim would only be a cognizable claim if the Superintendent promised Waterman that she *was* eligible for the Early Retirement Program, and then the Board of Directors denied her application. Nashua moves for dismissal pursuant to Rule 12(b)(6).

To succeed with on her promissory estoppel claim, Waterman must prove four elements. Waterman must show:

> (1) a clear and definite promise; (2) the promise was made with the promissor's clear understanding that the promisee was seeking assurance upon which the promisee could rely and without which he would not act; (3) the promisee acted to his or her substantial detriment in reasonable reliance on the promise; and (4) injustice can be avoided only by enforcement of the promise.

*Kolkman v. Roth*, 656 N.W.2d 148, 156 (Iowa 2003). Waterman's promissory estoppel claim fails on the first and third elements.

As a threshold matter, the allegations in the Complaint do not show that the Superintendent made a clear and definite promise to Waterman. Under Iowa law, "[a] promise is [a] declaration . . . to do or forbear a certain specific act." *Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 51 (Iowa 1999) (citation and internal quotation marks omitted)). To the contrary, a statement is not a promise and "fall[s] within the common

9

definition of a representation [if it is] . . . made to convey a particular view or impression of something with the intention of influencing opinion or action . . . ." *Id.* (citation and internal quotation marks omitted). The court finds as a matter of law that, when the Superintendent told Waterman she did not qualify for the Early Retirement Program because of her age, he made a representation to her, not a promise. *See id.* The Superintendent stated his view that Waterman did not qualify for the Early Retirement Program, but he did not make a declaration to do something or refrain from doing something. *See id.*

Even if the Superintendent's statement to Waterman could be construed as a promise and not a representation, Waterman cannot show that Nashua failed to perform that promise. The Superintendent kept his "promise": he told Waterman she was not entitled to benefits under the Early Retirement Program, and then the Board denied her such benefits. This is not a case where the employer made a promise to an employee and later broke that promise.

Accordingly, the court holds that Waterman cannot prove any set of facts in support of her promissory estoppel claim that would entitle her to relief. Therefore, the court shall dismiss her promissory estoppel claim pursuant to Rule 12(b)(6).

### C. Equal Protection and Due Process Claims

The Complaint also alleges two causes of action under 42 U.S.C. § 1983. Specifically, Waterman argues that Nashua's denial of benefits under the Early Retirement Program constituted a denial of her rights to due process and equal protection of the law under the federal constitution. In the Motion, Nashua argues that Waterman's claims are barred by the applicable two-year statute of limitations and should be dismissed. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("When it 'appears from the face of the complaint itself that the limitation period has run, a limitations defense may

properly be asserted through a Rule 12(b)(6) motion to dismiss.'" (quoting *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985)).

"The Reconstruction Civil Rights Acts do not contain a specific statute of limitations governing § 1983 actions." *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In such cases, "the settled practice has been to adopt a local time limitation . . . if it is not inconsistent with federal law or policy to do so." *Id.* In *Wilson*, the Supreme Court held that characterization of § 1983 actions for statute of limitations purposes is a matter of federal law and all such claims can be characterized in the same way. *Id.* at 268. The Supreme Court decided that all "§ 1983 claims are best characterized as personal injury actions" for statute of limitations purposes. *Id.* at 276.[6]

In Iowa, personal injury actions must be brought within two years after the action accrues. Iowa Code § 614.1(2); *see, e.g.*, *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). "Under Iowa law, the statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act." *Richmond v. Clinton County, Iowa*, 338 F.3d 844, 847 (8th Cir. 2003) (applying Iowa accrual rule to § 1983 claim) (citations and quotations omitted); *accord Nixon v. State*, 704 N.W.2d 643, 646 (Iowa 2005) (applying same accrual rule to two-year statute of limitations in Iowa Code § 669.13).

From the face of the Complaint, it is clear that Waterman's § 1983 causes of action accrued on February 28, 2002, when Nashua's Superintendent informed Waterman that

---

[6] In 1990, Congress enacted 28 U.S.C. § 1658, a federal "catch-all" four-year statute of limitations. *See generally Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). However, the catch-all statute of limitations only applies to claims arising under Acts of Congress enacted after 1990 and therefore is not applicable here. 28 U.S.C. § 1658(a); *see Jones*, 541 U.S. at 382 (interpreting "arising under" for purposes of 28 U.S.C. § 1658).

11

she did not qualify for the Early Retirement Program because she turned sixty-years-old before June 1, 2002. *See Wycoff*, 773 F.2d at 985 (applying Iowa law and holding that plaintiff's cause of action accrued at the point plaintiff had personal knowledge of all the facts necessary to support his claim). Because Waterman did not file her Complaint until almost four years later, on May 1, 2006, her § 1983 claims for denial of equal protection and due process are forever barred. *Sanchez*, 49 F.3d at 1330; Iowa Code § 614.1(2).

Waterman rejoins that Nashua should be equitably estopped from asserting the statute of limitations as a defense because the Superintendent told Waterman that she was not entitled to benefits under the Early Retirement Program. Citing *Roth v. G.D. Searle & Company*, 27 F.3d 1303, 1309 (8th Cir. 1994) and *Hagarty v. Dysart-Geneseo Community School District*, 282 N.W.2d 92, 96 (Iowa 1995), Waterman claims Nashua "cannot take an unconscionable advantage . . . when it is because of the representations of . . . . the [S]uperintendent[] that caused [Waterman] to abstain from further action."

"The Supreme Court has strongly indicated that federal courts should apply . . . the state's equitable estoppel principles when it borrows the state's statute of limitations." *Bell v. Fowler*, 99 F.3d 262, 267 n.3 (8th Cir. 1996) (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980); and *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 463-65 (1975)). Iowa law recognizes equitable estoppel as a defense to the application of a statute of limitations. *Roth*, 27 F.3d at 1309 (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 157 (Iowa 1984)). Under Iowa law, the four elements of equitable estoppel are:

> (1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice.

*Meier v. Alfa-Laval, Inc.*, 454 N.W.2d 576, 579 (Iowa 1990) (citing *Coachman Indus. v. Sec. Trust & Sav. Bank*, 329 N.W.2d 648, 650 (Iowa 1983)). Additionally, for equitable estoppel to apply, the alleged misrepresentation must have been made "'with the intent to mislead the injured party into the trap of the time bar.'" *Roth,* 27 F.3d at 1309 (citing *Meier*, 454 N.W.2d at 579-80). The elements of equitable estoppel must be proven by clear and convincing evidence. *Id.* (citing *Beeck*, 350 N.W.2d at 157).

The court finds that the Superintendent's statement to Waterman that she was not entitled to benefits under the Early Retirement Program due to her age "goes to the merits of [her] claim," and nothing in the Complaint or Waterman's pleadings suggests that the statement was made with the intent to mislead her "into the trap of the time bar." *See Roth,* 27 F.3d at 1309 (holding that a defendant's efforts to "downplay" information went "to merits of claim" and there was no additional evidence that the statements "were intended to mislead them . . . into the trap of the time bar"); *Meier*, 454 N.W.2d at 580 (similar). Because the Superintendent's statement was not made with such an intent, equitable estoppel does not save Waterman's claims from the statute of limitations. *Roth*, 27 F.3d at 1309.

Accordingly, the court shall dismiss Waterman's § 1983 claims pursuant to Rule 12(b)(6) because they are barred by the applicable two-year statute of limitations. Fed. R. Civ. P. 12(b)(6); *see, e.g., Varner*, 371 F.3d at 1016 ("When it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.").

### D. Failure to Pay Wages Claim

Lastly, the Complaint alleges a cause of action under Iowa Code chapter 91A, the Iowa Wage Payment Collection Law ("IWPCL"). *See* Iowa Code § 91A.1 (short title). Waterman alleges that Nashua failed to pay "wages" within the meaning of the IWPCA

13

when it did not pay her the lump-sum early retirement benefit. *See id.* § 91A.8 (providing cause of action for "any wages or expenses that are . . . intentionally failed to be paid. . . , plus liquidated damages, court costs and . . . attorney's fees . . . ."); *see also id.* § 91A.2 (defining wages). In response, Nashua argues that Waterman's IWPCL claim is barred by the applicable statute of limitations and should be dismissed.

The statute of limitations for an IWPCL action is two years from the time the action accrues. Iowa Code § 614.1(8). "The two-year statute of limitations for wages commences as each payment comes due." *Gabelmann v. NFO, Inc.*, 571 N.W.2d 476, 482 (Iowa 1997) (citing *Halverson v. Lincoln Commodities, Inc.*, 297 N.W.2d 518, 521 (Iowa 1980)). In the present case, Waterman's wages, i.e., the lump-sum payment of retirement benefits, was due on either July 20, 2002 or February 20, 2003. Because Waterman did not file her Complaint until more than three years later—on May 1, 2006—her claim is barred by the two-year limitation provided by Iowa Code § 614.1(8). To the extent that Waterman argues that Nashua is equitably estopped from asserting a statute of limitations defense, the court's previous analysis of Waterman's § 1983 claims is dispositive.

Accordingly, the court shall dismiss Waterman's IWPCL claim because it is barred by the applicable statute of limitations. Fed. R. Civ. P. 12(b)(6); *see, e.g., Varner*, 371 F.3d at 1016 ("When it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.").

## VII. CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) Defendant Nashua-Plainfield Community School District's Motion to Dismiss (docket no. 5) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Claims IV, V, VI and VII of the Complaint (i.e., all of Plaintiff's claims except for Claim III, her breach of contract claim) (docket no. 4) are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6); and

(3) Since the only claim remaining is a state law breach of contract claim and the parties are not diverse, the court orders the parties to draft briefs on the question of whether this court should retain subject matter jurisdiction over Waterman's remaining claims pursuant to 28 U.S.C. § 1367. Briefs are due **on or before August 28, 2006.** Reply briefs are due **on or before September 5, 2006.**

**DATED** this 15th day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA