# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

KAREN WATERMAN,

    Plaintiff,

vs.

NASHUA-PLAINFIELD COMMUNITY SCHOOL DISTRICT,

    Defendant.

No. 06-CV-2029-LRR

**ORDER**

_____

## I. PROCEDURAL BACKGROUND

This matter comes before the court pursuant to the court's Order dated August 15, 2006 ("Order"). In the Order, the court dismissed all of the federal claims in this matter. The court ruled that Count III, a state-law breach of contract claim, is the only claim upon which relief may be granted in Plaintiff's Complaint.

At the conclusion of the Order, the court noted that the parties were not diverse and ordered the parties to draft briefs on the question of whether this court should retain supplemental subject matter jurisdiction over Count III pursuant to 28 U.S.C. § 1367. The parties filed timely briefs on August 25, 2006. In their briefs, both parties ask the court to retain supplemental jurisdiction over Count III.

## II. THE ARGUMENTS

Plaintiff contends that the facts of the case are not complex and Count III does not present any difficult legal questions for the court to resolve. Plaintiff opines that the court is familiar with the case, and thus retention of jurisdiction over Count III would promote judicial economy and fairness.

Defendant contends that convenience, fairness, comity and the fact that the court

1

"has invested substantial judicial time and resources in this case" warrant retention of jurisdiction over Count III. Defendant points out that, if Count III is dismissed without prejudice, it might "raise the potential for two separate appeals, one federal and one state, arising from the same claim."

Defendant also appears to invoke the court's federal question jurisdiction under 28 U.S.C. § 1331. Defendant states generally that "it is not at all clear that Count III asserts nothing more than a state-law breach of contract claim." Defendant asserts that the court may have federal question jurisdiction because Defendant could argue that Count III is preempted by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Defendant also points out that it may argue that the ADEA does not render the age limitations in the contract illegal and thereby contend that it has not breached the parties' contract.

### III. ANALYSIS

In pertinent part, 28 U.S.C. § 1367(c)(3) provides:

> The district courts may decline to exercise supplemental jurisdiction over [a state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c)(3). The plain language of the statute grants the court discretion to retain jurisdiction over a pendent state law claim once all federal claims are dismissed. *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006). However, the Supreme Court has remarked that, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (affirming district court's decision to remand case where federal claim was involuntarily dismissed on defendant's motion for summary judgment); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir.2004) (same).

2

The court recognizes that the parties would both like the court to continue to exercise supplemental subject-matter jurisdiction over Count III, but the court respectfully declines to do so. As recently stated by the Supreme Court, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 126 S. Ct. at 1244. The court finds that the circumstances do not warrant the exercise of jurisdiction in this case.

This litigation is still in its infancy. The court has only ruled on a motion to dismiss that primarily dealt with statute of limitations issues. The court has not expended substantial resources on the case. This weighs in favor of dismissing Count III without prejudice. *See Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.,* 35 F.3d 1226, 1242 (8th Cir. 1994) ("It is the law in this circuit that the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed." (Internal quotation marks omitted.)); *cf. Iowa Protection & Advocacy Servs., Inc. v. Tanager Place*, 404 F. Supp. 2d 1120, 1123-24 (N.D. Iowa 2005) (retaining jurisdiction over pendent state law claim because court had ruled on two motions for summary judgment, presided over a bench trial on a complaint that arose out of the same set of facts, and trial on the state law claim was only three months away).

The court also finds that judicial economy, convenience, fairness and comity do not warrant retention of Count III. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (urging district courts to consider such factors). The mere possibility that two appeals might result if the court dismisses Count III without prejudice is not a sufficient reason to retain jurisdiction over a pendent state law claim.

The court also rejects Defendant's claim that Count III "aris[es] under" federal law and thus falls within the court's federal question jurisdiction under 28 U.S.C. § 1331. *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, law, or treaties of the United States."). Generally speaking, a federal question exists pursuant to 28 U.S.C. § 1331 if the "plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (same). The face of Count III of Plaintiff's Complaint does not disclose a federal question. Therefore, Count III does not arise under federal law. *See Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983) ("[A]s a practical matter[, the well-pleaded complaint rule] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in . . . federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts.").

To the extent Defendant asserts that it may raise various federal law defenses (including preemption) to Count III at some point in the future, these potential defenses, standing alone, do not confer federal question jurisdiction upon the court. As the Supreme Court has written:

> "[W]hether a case is one arising under . . . a law . . . of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).
>
> Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, *Taylor v. Anderson*, *supra*; *Louisville & Nashville R.[R.] Co. v. Mottley*, 211 U.S. 149 (1908), or that a federal defense the defendant may raise is not sufficient to defeat the claim, *Tennessee v. Union & Planters' Bank*, 152 U.S. 454 (1894). "Although such allegations show that very likely, in the course of the litigation, a question

4

> under [federal law] would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under [federal law.]" *Louisville & Nashville R.[R.]*, 211 U.S. at 152. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat[']l Bank*, 299 U.S. 109, 112 (1936).

*Franchise Tax Bd.*, 463 U.S. at 10-11 (footnote omitted). In short, "the existence of a federal defense normally does not create a statutory 'arising under' jurisdiction." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

The court recognizes that sometimes an area of state law will be completely preempted by an area of federal law so that any claim based on that preempted state law is considered to raise a federal claim and therefore arises under federal law. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1242 (8th Cir. 1995) (citing *Caterpillar*, 482 U.S. at 392-93). In such cases, it is necessary to examine the text and structure of a statute to determine if it is the "clear and manifest purpose of Congress" to preempt an area of state law. *CSX Transp. v. Easterwood*, 507 U.S. 658, 664 (1993). The parties do not cite, and the court has not found, any authority for the proposition that the ADEA completely preempts all state contract law. *See, e.g., Lafleur v. Tex. Dep't of Health,* 126 F.3d 758, 760 n.1 (5th Cir. 1997) (noting that the ADEA did not preempt cause of action under state human rights act); *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 210 (6th Cir. 1990) (opining in dicta that the ADEA does not preempt state-law claims) (citing, in part, *Bailey v. Container Corp. of Am.*, 594 F. Supp. 629, 633 (S.D. Ohio 1984)); *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1318 (9th Cir. 1982) ("The ADEA does not preempt the award of tort damages on pendent state claims."); *see also Kroske v. U.S.*

*Bank Corp.*, 432 F.3d 976, 988 (9th Cir. 2005) ("[T]he ADEA disclaim[s] any preeemptive effect on state laws." (citing 29 U.S.C. § 633(a)).

For all of the foregoing reasons, the court shall dismiss Count III without prejudice.

## *IV. DISPOSITION*

**IT IS THEREFORE ORDERED THAT** Count III of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Because all counts of the Complaint are now dismissed, the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA